UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No. 5:19-cv-00928-XR |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN SIEGERT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION
AGAINST KEVIN SIEGERT**

THIS CAUSE is before the Court on Plaintiff's Motion for Default Judgment ("Motion") against Defendant, Kevin Siegert. Having considered the Motion, being otherwise duly advised in the premises, and good cause appearing, the Court hereby:

**FINDS**:

1.    The address of Plaintiff is:

30700 Russell Ranch Road, Suite 250, Westlake Village, CA, 91362

The name and address of Defendant is:

Kevin Siegert
7630 Wood Hollow Drive
Apt. 137
Austin, TX 78731-2252.

2.    This Court has jurisdiction over the subject matter of this case and the parties.

3.    Venue is proper in this District.

4.    The Amended Complaint states claims for direct copyright infringement, in violation of 17 U.S.C. § 101, and contributory copyright infringement upon which relief may be

granted against Defendant.

5.     Defendant has failed to plead or otherwise defend against Plaintiff's Amended Complaint in this action.

6.     A Certificate of Default was issued as to Defendant, Kevin Siegert on February 26, 2020.

7.     Defendant is not a minor, incompetent person or in active military service.

8.     By reason of default, Defendant has admitted the truth of the allegations in Plaintiff's Amended Complaint.

9.     Under Count I of the Amended Complaint, Defendant is hereby found liable to Plaintiff for willfully committing direct copyright infringement.

10.    Defendant will continue to cause Plaintiff irreparable injury. Specifically, there is an existing threat of continued violations of Plaintiff's exclusive rights to reproduce, distribute, perform and display the ten (10) copyrighted works listed on Exhibit A attached hereto (the "Works") through Defendant's use of the BitTorrent protocol to upload and download the Works between and among peer users without authorization from Plaintiff.

11.    There will be no injury to Defendant caused by entry of a permanent injunction requiring Defendant to cease infringing Plaintiff's Works.

12.    Entry of a permanent injunction against Defendant is in the public interest because it "preserv[es] the integrity of copyright laws which encourage individual effort and creativity by granting valuable enforceable rights." *DSC Communications Corp. v. DGI Technologies*, 898 F. Supp.1183, 1196 (N.D. Tex. 1995).

13.    In accordance with Rule 65(d), Federal Rules of Civil Procedure, this Default Judgment shall be binding upon Defendant and all other persons in active concert or participation

with Defendant who receives actual notice of this Default Judgment.

14.    Plaintiff has submitted a Declaration demonstrating that Plaintiff expended a total of $575.00 in costs, which amount this Court finds reasonable.

Based on the foregoing findings, it is:

**ORDERED AND ADJUDGED** that Defendant Kevin Siegert:

a) Shall pay to Plaintiff the sum of $15,000.00 in statutory damages, as authorized under 17 U.S.C. § 504(c)(1), and $575.00 in costs, as authorized under 17 U.S.C. § 505, making a total of $15,575.00, for which let execution issue forthwith;

b) Shall pay to Plaintiff post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961 as of the date of this Default Judgment until the date of its satisfaction;

c) Be and hereby is enjoined from directly, contributorily or indirectly infringing Plaintiff's rights under federal or state law in the Works, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority or Plaintiff;

d) Be and is hereby ordered to destroy all copies of Plaintiff's works that the Defendant Kevin Siegert  has downloaded onto any computer hard drive or server without Plaintiff's authorization, and shall destroy all copies of the Works transferred onto any physical medium or device in Defendant Kevin Siegert 's possession, custody, or control; and,

e) The Court shall retain jurisdiction over this action for six months or until the judgment is satisfied to entertain such further proceedings supplementary and to enter such further

orders as may be necessary or appropriate to implement and enforce the provisions of this

Default Judgment.

**DONE AND ORDERED** this_____day of_____, 2020.

By: _____

**UNITED STATES DISTRICT JUDGE**