**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | SA-19-CV-928-XR |
| | § | |
| KEVIN SIEGERT, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On this date, the Court considered Plaintiff's motion for default judgment against Defendant Kevin Siegert (docket no. 18). After careful consideration, Plaintiff's motion is GRANTED.

**Background**

This case arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101–1332 (the "Copyright Act"). Plaintiff Malibu Media ("Plaintiff") alleges that Defendant Kevin Siegert ("Defendant") is a "persistent online infringer of Plaintiff's copyrights." Docket no. 10 at 1. Specifically, Plaintiff alleges that Defendant willfully infringed on Plaintiff's copyright works by downloading, copying, and distributing a complete copy of ten of Plaintiff's copyrighted works. *Id.* at 4. Plaintiff seeks permanent injunctive relief, statutory damages, attorney's fees and costs, and interest. *Id.* at 6.

Plaintiff originally filed suit against the unknown user of an identified IP address. Docket no. 1. This Court permitted discovery from the user's Internet Service Provider ("ISP"), docket no. 7, and Plaintiff identified the user as Kevin Siegert and amended the complaint to name Siegert in the place of the Doe Defendant. Docket no. 10. On February 10, 2020, Plaintiff filed a return of

service indicating Siegert was personally served on February 1, docket no.13, and after Siegert did not answer or otherwise respond, Plaintiff moved for entry of default, docket no. 16. The Clerk entered default on February 26. Docket no. 17. Plaintiff moved for default judgment on February 28. Docket no. 18.

## Legal Standard

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). However, in considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012). The Court examines each in turn.

## Analysis

### I.   Jurisdiction

When a party is seeking entry of default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 252 F.3d 322, 324 (5th Cir. 2001). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Further, a district court "shall have original jurisdiction of any civil action arising under any Act of Congress relating to…copyrights." *Id.* § 1338. Because this case involves a claim under the Copyright Act, the case invokes the Court's original federal question subject matter jurisdiction and its jurisdiction over copyright matters. 28 U.S.C. §§ 1331, 1338.

Further, the record indicates that service was proper. The server's affidavit states that Defendant Siegert was personally served on February 1, 2020.  Docket no. 13. Defendant resides

in Texas and the acts took place within this District. Docket no. 10. Thus, the Court has personal jurisdiction over Defendant.  FED. R. CIV.  P. 4(k)(1) (service of process is effective to establish personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located").

## II.  Liability

Next, the Court considers whether the well-pleaded allegations in Plaintiff's complaint establish liability if deemed admitted. When a defendant fails to respond, his default is considered an admission of the plaintiff's well-pleaded allegations of fact related to liability. *Jackson v. FIE Corp.*, 302 F.3d  515, 524 (5th Cir. 2002). While such allegations are presumed to be true, "a defendant's default does not in itself warrant the court in entering default judgment. [Rather, t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In sum, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action[,] and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

To establish copyright infringement, two elements must be proven: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

A.  <u>Ownership of a Valid Copyright</u>

Section 411 of the Copyright Act governs registration and civil copyright infringement actions, barring suit "until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a). Registration occurs, and a copyright claimant may commence an infringement

suit, when the Copyright Office registers a copyright. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019). Upon registration of a copyright, a copyright owner can recover for infringement that occurred both before and after registration. *Id.* at 886–87.

Here, Plaintiff alleges that it is the registered owner of the ten Copyrighted Works listed in Exhibit B, providing a Copyright Office registration number, effective registration date, and date of first publication for each. Docket no.10-2. Copyright certificates of registration "constitute prima facie evidence of the validity of the copyrights" and create "a rebuttable presumption that the copyrights are valid." *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995) (quoting 17 U.S.C. §  410(c)). Therefore, the Court finds that Plaintiff has demonstrated a valid copyright ownership for the Copyrighted Works, satisfying the first element of copyright infringement.

B.  Direct Copyright Infringement

Succeeding on a copyright infringement claim also requires proof of unauthorized copying of the original work. *Peel & Co. v. Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001). "[M]aking copyrighted works available for download via a peer-to-peer network contemplates 'further distribution,' and thus constitutes a violation of the copyright owner's exclusive 'distribution' right under 17 U.S.C. § 106(3)." *Atl. Recording Corp. v. Anderson*, No. H-06-3578, 2008 WL 2316551, at *7 (S.D. Tex. Mar. 12, 2008) (Gilmore, J.). "Copyright infringement actions…ordinarily require no showing of intent to infringe. Instead, knowledge and intent are relevant in regard to damages." *Chavez v. Arte Publico Press*,  204 F.3d 601,  607 (5th Cir. 2000).

The Amended Complaint alleges that "Defendant downloaded, copied,  and distributed a complete copy of Plaintiff's works without authorization as enumerated on Exhibit A." Docket no. 10 at 4. Exhibit A is a list of "file hashes" for a specific IP address located in Austin, Texas that

has been identified as belonging to Defendant by his ISP. Exhibit A lists the title of the copyrighted work, the file hash, and the " Hit Date." Each digital media file, as identified by the file hash listed on Exhibit A, has been verified to be a copy that is identical (or alternatively, strikingly or substantially similar) to Plaintiff's corresponding original work. *Id.*

Plaintiff alleges that its investigator "established a direct TCP/IP connection with the Defendant who was using the Subject IP Address as set forth on Exhibit A." *Id.* at 3–4. The investigator "downloaded from Defendant one or more pieces of each of the digital media files, as identified by the file hashes on Exhibit A." *Id.* at 4. The investigator then "connected, over a course of time, with Defendant who was using the Subject IP address for each digital media file identified by the hash value as listed on Exhibit A." *Id.*

Plaintiff has pled enough facts, when taken as true, to support the allegation of unauthorized copying and distribution of its Copyrighted Works. It pleads that it is the owner of the copyrights-in-suit, that they are registered, that Defendant downloaded, copied, and distributed the constituent elements of each of the original works, and that Plaintiff did not authorize, permit, or consent to Defendant's distribution of its works. Therefore, the Court finds that Plaintiff has satisfied the second element of copyright infringement and shown direct copyright infringement.

## III.   Damages

In its Amended Complaint, Plaintiff requests that the Court issue an injunction against Defendant and seeks monetary relief in the form of statutory damages, attorney's fees, and costs. Plaintiff's motion for default judgment seeks a permanent injunction, $15,000 in statutory damages for willful infringement under 17 U.S.C. §   504(c)(1), and $575 in costs under 17 U.S.C. §  505. Plaintiff's motion seeks a sum certain, and a hearing would reveal no further pertinent information; thus the damages can be determined without a hearing. *James v. Frame*, 6 F.3d 307, 310–11 (5th

Cir. 1993). In addition, Plaintiff seeks the same damages sought in the complaint. When a court awards damages to a plaintiff in a default judgment case, the amount "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

A. Injunctive Relief

Plaintiff seeks an order enjoining Defendant and all other persons in active concert or participation with him from continuing to infringe upon Plaintiff's Copyrighted Works. Further, Plaintiff seeks an order requiring Defendant to delete and permanently remove all infringing copies of Plaintiff's Works, and all related digital media files, from Defendant's computers.

Section 502(a) of the Copyright Act permits a court to grant injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. Specifically, a plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Further, "[a]s part of a final judgment or decree, the court may order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights." 17 U.S.C. § 503(b).

First, Plaintiff has demonstrated irreparable injury. The presence of its Copyrighted Works on Defendant's computer, and the computers of those in active concert or participation with him, subjects Plaintiff to the continued infringement of its Works on BitTorrent. *See Malibu Media v. Escobar*, No. H-18-1042, 2019 WL 1003391, at *4 (S.D. Tex. Feb. 28, 2019).

6

Next, Plaintiff has shown that monetary damages are inadequate to remedy its injury. Unless enjoined, the infringement via BitTorrent will continue, and the full extent of distribution of Plaintiff's Copyrighted Works cannot be measured. *Id.*

Third, an injunction would not burden Defendant; it would merely require him to comply with the law. *Id.* Thus, the balance of hardships weighs in Plaintiff's favor. Finally, an injunction would serve the public interest by upholding Plaintiff's protections under the Copyright Act and restraining infringement in the manner prescribed by § 502(a). *Id.*

Plaintiff has shown it is entitled to injunctive relief based on Defendant's violations of the Copyright Act. An injunction must be narrowly tailored to remedy only a plaintiff's specific harms. *See* FED. R. CIV. P. 65(d). The Court finds that Plaintiff's proposed injunction is not overly broad and merely enjoins Defendant from engaging in further infringing conduct.

The Court thus grants Plaintiff's request for an injunction and orders Defendant to delete and permanently remove all infringing copies of Plaintiff's ten Copyrighted Works, and all related digital media files, from Defendant's computers.   Defendant is permanently enjoined from continuing to infringe Plaintiff's Copyrighted Works.

B.   Statutory Damages

Plaintiff seeks $15,000 in statutory damages pursuant to 17 U.S.C. § 504(c). Section 504(a) provides that "an infringer of copyright is liable for  either--(1) the copyright  owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." *Id.* § 504(a). Under subsection (c), "the copyright owner may elect…to recover…an award of statutory damages for all infringements involved in the action, with respect to any one work…in a sum of not less than $750 or more than $30,000 as the court

considers just." *Id.* § 504(c)(1). When the copyright owner proves willful infringement, a court in its discretion may increase the award of statutory damages to a sum of $150,000. *Id.* § 504(c)(2).

Plaintiff requests an award of $1,500 per Copyright Work, amounting to a sum of $15,000 ($1,500 x 10). Although Plaintiff argues that the Court may infer from the fact that Defendant utilized BitTorrent that the infringement was willful and thus the Court could award up to $150,000, it seeks only $1,500 per work. Plaintiff argues that this request is reasonable given that many courts have found an award of $1,500 or more reasonable. Docket no. 18-2 at 14 (collecting cases). Plaintiff further argues its requested amount is reasonable given that its actual damages far exceeded its requested sum and because Defendant "materially aided each of the other participants in the BitTorrent swarm of infringers." Plaintiff asserts that the swarm contained thousands of peers and continues to grow, such that measuring damages by the lost sales to thousands of infringers far exceeds $15,000. The Court finds that Plaintiff's $1,500 request for each of its ten Copyrighted Works is reasonable and awards Plaintiff $15,000 in statutory damages.

C. <u>Costs</u>

The Court "may allow the recovery of full costs" to the prevailing party, including an award of reasonable attorney's fees. 17 U.S.C. § 505. Plaintiff seeks an award of $575 in costs, including: $400 for the filing fee, $75 for the process server fee, and $100 for fees incurred in discovery from Defendant's ISP. Docket no. 18-4.

Although the Copyright Act authorizes an award of "full costs," it does not authorize awards beyond the six categories of costs specified by Congress in the general costs statute, 28 U.S.C. § 1920. *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 876 (2019). Section 1920 authorizes an award of costs for "fees of the clerk," and thus the Court awards the $400 filing fee. Because § 1920 authorizes "fees of the marshal" and does not authorize award of fees for private

process servers, this Court awards process service fees only in the amount that would be charged by the Marshal, which is $65. *See* 28 C.F.R. § 0.114.  Last, Plaintiff requests $100 for "ISP fees" without providing any additional information. The Court will not award this cost as Plaintiff has not demonstrated that it is a permissible cost under § 1920.

Thus, pursuant to 17 U.S.C. § 505 and 28 U.S.C. § 1920, the Court awards costs in the amount of $465 ($400 filing fee and $65 process service fee).

## Conclusion

Plaintiff's  motion for default judgment (docket no. 18) is GRANTED as discussed herein. Judgment shall issue separately according to Rule 58. Plaintiff may move for attorney's fees in accordance with the Local Rules.

The Clerk is DIRECTED to close this case.

It is so ORDERED.

SIGNED this 20th day of April, 2020.


XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE